# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CASE NO. 5:04-CR-001-KDB-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
|             Plaintiff,        ) | |
| )| |
| v.                          ) | |
| )| |
| BRYAN KEITH FLOWERS,        ) | **WRIT OF CONTINUING** |
|             Defendant,       ) | **GARNISHMENT** |
| ) | |
| and                       ) | |
| ) | |
| KING HICKORY FURNITURE CO., INC.,  ) | |
|             Garnishee.       ) | |

TO GARNISHEE:    KING HICKORY FURNITURE CO., INC.
                              ATTENTION: PAYROLL
                              1820 MAIN AVENUE SE
                              HICKORY, NC 28602

      An Application for a Writ of Continuing Garnishment against property of the Defendant, Bryan Keith Flowers, has been filed with this Court (Document No. 32). A judgment has been entered against the Defendant (Document No. 8). The Clerk of Court current total is $24,316.80, computed through September 23, 2024, and is due and owing.

      You, as the Garnishee, are **required by law to answer in writing**, under oath, within ten (10) days of service of this Writ, whether or not you have in your custody, control, or possession any property or funds owned by the Defendant, including nonexempt, disposable earnings.

      You **must withhold and retain any property** in which the Defendant has a substantial nonexempt interest and for which you are or may become indebted to the Defendant pending further order of the Court. This means that you should withhold twenty-five percent (25%) of the Defendant's disposable earnings which remain after all deductions required by law have been

withheld, or the amount by which the Defendant's disposable earnings for each week exceed thirty (30) times the federal minimum wage, whichever is less. See 15 U.S.C. § 1673(a).

Please state whether or not you anticipate paying the Defendant any future payments and whether such payments are weekly, bi-weekly, monthly, annually, or bi-annually.

**You must file the original written Answer to this Writ within ten (10) days** of your receipt of this Writ with the Court:

> Clerk of the United States District Court
> 401 West Trade Street
> Charlotte, North Carolina 28202

Additionally, you are required by law to serve a copy of the Answer upon the Defendant at his or her last known address:

> Bryan Keith Flowers
> XXXXXXXXX
> Hickory, North Carolina XXXXX

You are also required to serve a copy of the Answer upon the United States at the following address:

> Financial Litigation Unit
> United States Attorney's Office
> 227 West Trade Street, Suite 1650
> Charlotte, North Carolina 28202

Under the law, there is property which may be exempt from this Writ of Garnishment. Property which is exempt and which is not subject to this order may be listed on the form, entitled "Claim for Exemption."

Pursuant to 15 U.S.C. § 1674, you, the Garnishee, are prohibited from discharging the Defendant from employment by reason of the fact that his or her earnings have been subject to garnishment for any one indebtedness.

Pursuant to 28 U.S.C. § 3205(c)(6), if you fail to answer this Writ or withhold property or funds in accordance with this Writ, the United States Government may petition the Court for an order requiring you to appear before the Court to answer the Writ and to withhold property before the appearance date. If you fail to appear, or do appear and fail to show good cause why you failed to comply with this Writ, the Court shall enter a judgment against you for the value of Defendant's nonexempt interest in such property. The Court may award a reasonable attorney's fee to the United States and against you if the Writ is not answered within the time specified. It is unlawful to pay or deliver to the Defendant any item attached by this Writ.

Signed: September 23, 2024

David C. Keesler
United States Magistrate Judge